**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WILLIE SABB, | : | CIV. NO. 16-6290(RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| MS. COHEN, WARDEN, ATLANTIC COUNTY JAIL AND CLASSIFICATION OFFICER, | : | |
| Defendants. | : | |

This matter comes before the Court upon Plaintiff's submission of a civil rights action alleging he is being held in Atlantic County Jail past his maximum expiration date. (Compl., ECF No. 1). The complaint is accompanied by a properly completed application to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. Plaintiff's IFP application establishes his financial eligibility for IFP status, and his application will be granted.

I.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

Plaintiff may not have known when he submitted his Complaint that even if IFP status is granted, he must pay the filing fee in installments, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim

1

upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915(A). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

    A.    <u>The Complaint</u>

Plaintiff alleges:

> The Warden and her classification officer did not see to it that my time was calculated correctly and I was released on my max. sentence date, thereby keeping me in jail past my max. date.

(Compl., ¶3(B)).

Plaintiff contends that after his jail credits were deducted, he had only seventeen days left to serve. (<u>Id.</u>, ¶4.) Plaintiff said Defendants told him the credits did not matter. (<u>Id.</u>) Plaintiff seeks damages, and if he remains in jail after the Complaint is received by the Court, he seeks release from custody. (<u>Id.</u>, ¶5.)

A prisoner cannot bring a § 1983 damages claim and seek release from confinement in a civil rights action. <u>See</u> <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004)("§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging . . . the duration of his sentence.") This case will proceed as

Plaintiff's § 1983 action for damages. If Plaintiff wishes to file a petition seeking release from custody pursuant to 28 U.S.C. § 2254, after exhausting his state court remedies, he must file a habeas petition in a new action. See 28 U.S.C. § 2254(b)(1)(A)("[a]n application for a writ of habeas corpus on behalf of a person in custody . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.")

    B.    Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of

the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.    Claims Under 42 U.S.C. § 1983

"[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d. Cir. 2009). "Section 1983 is not a source of substantive rights and does not provide redress for common law torts—the plaintiff must allege a violation of a federal right." Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000)(citing Baker v. McCollan, 443 U.S. 137, 146 (1979)). A court reviewing a § 1983 claim must "identify the exact contours of the underlying right said to have been violated." Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998)).

"[I]mprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment." Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989)(citing Hutto v. Finney, 437 U.S. 678, 685 (1978)). Incarceration beyond the term established by the state is not justified punishment. Id. However, inadvertent mistakes may occur. Id. at 108. "Such accidents or mistakes are a necessary cost of any prison system; they therefore are not 'repugnant to the conscience of mankind.'" Id. at 108-09 (quoting Estelle v. Gamble, 429 U.S. 97, 105 (1976) (quoting Palko v. Connecticut, 302 U.S. 319, 323, (1937)).

"[T]here can be no eighth amendment liability in [the context of confining a prisoner beyond his maximum sentence date] in the absence of a showing of deliberate indifference on the part of the defendant to whether the plaintiff suffers an unjustified deprivation of his liberty." Id. at 1100. To state a claim, a plaintiff must first allege facts indicating:

> that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to

5

> the problem and the infliction of the unjustified detention.
>
> Among the circumstances relevant to a determination of whether the requisite attitude was present are the scope of the official's duties and the role he or she has played in the everyday life of the prison. Obviously, not every official who is aware of a problem exhibits indifference by failing to resolve it. A warden, for example, although he may have ultimate responsibility for seeing that prisoners are released when their sentences are served, does not exhibit deliberate indifference by failing to address a sentence calculation problem brought to his attention when there are procedures in place calling for others to pursue the matter. On the other hand, if a prison official knows that, given his or her job description or the role he or she has assumed in the administration of the prison, a sentence calculation problem will not likely be resolved unless he or she addresses it or refers it to others, it is far more likely that the requisite attitude will be present.

<u>Id.</u>

Here, Plaintiff alleges the warden and classification officer told him the credits, which he believes entitle him to release from jail, do not matter. This statement is insufficient to show deliberate indifference because it does not establish that Defendants knew Plaintiff was being held beyond his release date. For example, if Plaintiff misunderstood how the credits are applied and how the release date is calculated, it could be that he is incorrect about his maximum release date and that is why the

defendants told him the credits do not matter. Plaintiff must allege additional facts, if warranted, to establish deliberate indifference by the warden and classification officer.

III. CONCLUSION

The Complaint will be dismissed without prejudice because Plaintiff has not pled sufficient facts to establish deliberate indifference by the defendants. Plaintiff shall have thirty days from the date of this Order to reopen this case by filing an Amended Complaint.

Dated: **October 17, 2016**

s/RENÉE MARIE BUMB_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**